**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| HUGO ALBERTO MUNIZ-MORALES, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No.  SA-26-CA-00610-XR |
| | § | |
| WARDEN BOBBY THOMPSON, | § | |
| MIGUEL VERGARA, ACTING DIR. OF | § | |
| ICE TODD LYONS, SECRETARY | § | |
| KRISTI NOEM, PAM BONDI, | § | |
| *Respondents* | § | |

### <u>ORDER GRANTING WRIT OF HABEAS CORPUS</u>

On this date, the Court considered Petitioner Hugo Alberto Muniz-Morales's Petition for Writ of Habeas Corpus (ECF No. 1), the Federal Respondents' Response (ECF No. 8), and the Federal Respondents' Status Update (ECF No. 10).  After careful consideration, the Petition is **GRANTED.**

### BACKGROUND

Petitioner Hugo Alberto Muniz-Morales entered the United States in 2011.  ECF No. 1 at 5.  At some point, he was detained by immigration authorities.  The parties disagree about whether he was detained in September 2024 or September 2025.  ECF No. 1 at 6; ECF No. 8-1 at 2.  That distinction does not affect the outcome of this case.

On November 3, 2025, an immigration judge ("IJ") ordered Petitioner removed and granted him withholding of removal.  As a result, Petitioner cannot be removed to his home country of Mexico, 8 U.S.C. § 1231(b)(3), but can be removed to a third country.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 531–32 (2021).  Neither party appealed the IJ's ruling, so it became final.  ECF No. 1 at 2; 8 C.F.R. § 1241.1.

Respondents have since been attempting to remove Petitioner to a third country. El Salvador, Guatemala, and Honduras have all refused to accept Petitioner. ECF No. 10-1 at 2. In January 2026, Respondents asked Colombia to accept him, and that request remains pending. *Id.*

## DISCUSSION

### I.  Legal Standard

A habeas petitioner must show that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); also citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

### II.  Analysis

Petitioner brings claims under *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Due Process Clause, and the Administrative Procedure Act. Because the Court finds release proper under *Zadvydas*, it does not address the other arguments.

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the ninety days following a final order for the person to be removed. *Zadvydas*, 533 U.S. at 682; 8 U.S.C. § 1231(a)(1). During that ninety-day "removal period," the person subject to removal is typically detained. *Zadvydas*, 533 U.S. at 682. After the removal period, the Government may in some situations continue detaining them for as long as is "reasonably necessary" to secure their removal. *Id.*; 8 U.S.C. § 1231(a)(6). But, under *Zadvydas*, "once removal is no longer reasonably

foreseeable, continued detention is no longer authorized." 533 U.S. at 699. *Zadvydas* also recognized a "presumptively reasonable period of detention" of six months following the final removal order. *Id.* at 701.

Respondents admit that in this case the six-month period ended on May 3, 2026. ECF No. 8 at 2. So *Zadvydas*'s presumption does not apply. Without the presumption, the Court "must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.* at 699. The period is unreasonable if (1) there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and (2) the Government fails to "respond with evidence sufficient to rebut that showing." *Id.* at 701. The burden as to the first element is on Petitioner, and he cannot satisfy it with "conclusory statements suggesting that he will not be immediately removed." *Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006).

There is good reason to believe there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. "[F]ew people subject to withholding of removal . . . are removed from the United States." *Puertas-Mendoza v. Bondi*, No. SA-25-CA-00890-XR, 2025 WL 3142089, at *3 (W.D. Tex. Oct. 22, 2025). "And that is not simply a matter of United States policy—foreign governments 'routinely deny' requests to receive people who lack a connection to the would-be receiving country." *Id.* Further, at least three countries have refused to accept Petitioner, and the only pending request—to Colombia—has been sitting for months. Those considerations suggest that removal is not likely in the reasonably foreseeable future.

Respondents have failed to rebut that showing. They argue that their request to remove Petitioner to Colombia remains pending. But, as noted above, that request has been pending for several months. And Respondents provide no evidence regarding how long such requests typically

take, whether Colombia accepts third-country removals, or anything else that would suggest that the request is likely to be granted in the reasonably foreseeable future.  Respondents also note that they have "requested assistance from HQ-RIO with finding a third country for removal."  ECF No. 8-1 at 2–3.  But they do not explain what HQ-RIO is or why such a request makes removal reasonably foreseeable.  Further, that request was made on February 28, 2026, over two months ago.  And there has seemingly been no further progress towards Petitioner's removal since that date.  *See* ECF No. 10-1.

### CONCLUSION

For the foregoing reasons, the Petition (ECF No. 1) is **GRANTED**.

1.     Respondents are **DIRECTED** to **RELEASE** Petitioner Hugo Alberto Muniz-Morales from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place by **May 22, 2026**;

2.     Respondents must **NOTIFY** Petitioner's counsel by email[1] of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release;**

3.     If Petitioner is re-detained, all applicable regulations and procedures must be followed; and

4.     Respondents shall **FILE** a status report on **May 26, 2026**,[2] confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

---

[1] John Francis Waldron, jwaldron@jfwlawfirm.com, 210-838-1704

[2] If this date is a holiday or weekend the status report shall be due the next business day.

It is so **ORDERED**.

**SIGNED** this 20th day of May, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE